IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 11-065-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 14-120-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| GILBERT GEORGE WALKS, JR., | |
| Defendant/Movant. | |

On September 8, 2014, Defendant/Movant Gilbert George Walks, Jr., filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Walks is a federal prisoner proceeding pro se.

Two case numbers appear on Walks's § 2255 motion. One is the number of this case, Case No. CR 11-65-BLG. The other is Case No. CR 10-87-BLG.

In the other case, *United States v. Walks*, No. CR 10-87-BLG-SPW (D. Mont. compl. filed July 12, 2010), Walks pled guilty to one count of sexual abuse, a violation of 18 U.S.C. § 2242(2)(B), and one count of being a felon in possession of ammunition, a violation of 18 U.S.C. § 922(g). On October 19, 2011, Walks was sentenced to serve 180 months in prison, to be followed by a life term of supervised release. *See* Judgment (Doc. 42) at 1-3, *Walks*, No. CR 10-87.

In the § 2255 motion, Walks alleged that both his life term and one condition of his supervised release were unlawful; that *United States v. Alleyne*, __ U.S. __,

1

133 S. Ct. 420 (2012), was relevant to his case; and that ammunition should not have been seized from his home. *See, e.g.*, Mot. § 2255 (Doc. 34) at 1-6. On March 10, 2015, the Court denied the § 2255 motion and denied a certificate of appealability. Order (Doc. 51), *Walks*, No. CR 10-87.

In this case, Walks pled guilty to two counts of unlawfully trafficking in migratory birds, violations of 16 U.S.C. §§ 703(a) and 707(b), and two counts of unlawfully trafficking in eagles, violations of 16 U.S.C. § 668(a). On May 4, 2012, he was sentenced to serve 24 months on all four counts, to be followed by a one-year term of supervised release. The sentences on all four counts were to run concurrently to each other but consecutive to his sentence in No. CR 10-87. *See* Judgment (Doc. 23) at 1-3, *Walks*, No. CR 11-65.

The conviction in this case was brought about by Walks' deals with a confidential informant. *See* Offer of Proof (Doc. 17) at 4-5, *Walks*, No. CR 11-65. Walks questions neither the two-year term of supervised release nor any condition of his supervised release in this case. *See* Special Conditions of Supervision, *in* Judgment (Doc. 23) at 4, *Walks*, No. CR 11-65. As in the other case, here, no mandatory minimum sentence was imposed, so *Alleyne* has no role to play.

Walks's § 2255 motion in this case is denied for lack of merit. A certificate of appealability is also denied. Walks makes no showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). No reasonable jurist would find a

reason to encourage further proceedings in this case. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Walks' motions under 28 U.S.C. § 2255 in this case, *Walks*, No. CR 11-65-BLG (Docs. 34, 38), are DENIED for lack of merit;

2. The motion for appointment of counsel (Doc. 38-1) is DENIED as moot.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Walks files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-120-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Walks.

DATED this 10th day of March, 2015.

Susan P. Watters
United States District Court

3